NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3572
_____

UNITED STATES OF AMERICA

v.

RICARDO REID,

Appellant

_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal Action No. 2-16-cr-00182-001)
District Judge: Honorable Susan D. Wigenton
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
November 6, 2018

Before: AMBRO, SCIRICA, and RENDELL, Circuit Judges

(Opinion filed: November 20, 2018)
_____

OPINION[*]
_____

AMBRO, Circuit Judge

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Ricardo Reid contends he was not properly sentenced for his role in the "Jamaican Lottery Scam"—a scheme in which scammers cold-called elderly victims, told them they won the lottery, and requested wire transfers to secure their "winnings." We affirm the District Court's sentence.

Reid pled guilty in 2016 to conspiracy to commit mail and wire fraud, in violation of 18 U.S.C. §§ 1341, 1343, and 1349. After two sentencing hearings, the District Court determined that Reid's involvement in the Jamaican Lottery Scam resulted in at least $578,243.78 in loss and that his offense level under the Sentencing Guidelines was 24.[1] The District Court sentenced Reid to 63 months in prison with a subsequent three-year period of a supervised release, and it ordered him to pay $539,703.78 in restitution.

Reid disputes these findings and argues on appeal that (1) the District Court wrongly calculated the loss amount, (2) it lacked sufficient evidence to attribute to Reid the harms caused by any other Jamaican Lottery scammers, and (3) he caused substantial financial hardship to fewer than five victims.

The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We review the District Court's factual findings for clear error, interpretation of the Sentencing Guidelines *de novo*, and application of the Guidelines to the facts for abuse of discretion. *United States v. Metro*, 882 F.3d 431, 437 (3d Cir. 2018).

---

[1] The offense level reflected Reid's plea agreement, which stipulated that the total loss was less than $550,000. App. 244.

**I.     The District Court's loss calculation was not clearly erroneous.**

Reid asserts the District Court erred when it applied a 12-level enhancement for loss between $250,001 and $550,000 under U.S.S.G. § 2B1.1(b)(1)(G). He claims he was an "independent scammer" and so is only responsible for $107,934 in loss, which would instead trigger a six-level enhancement. *See* U.S.S.G. § 2B1.1(b)(1)(D).

When sentencing a defendant convicted of a jointly undertaken criminal activity, we consider acts that were "within the scope" of the joint activity, "in furtherance" of it, and "reasonably foreseeable in connection with" it. U.S.S.G. § 1B1.3(a)(1)(B). The total amount of loss may include "the reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." *United States v. Duliga*, 204 F.3d 97, 100 (3d Cir. 2000).

Reid admits that he worked in concert with at least three other named co-conspirators. He aided his co-conspirators by installing the program "Magic Jack" onto their computers and furthered their scams by forwarding their calls from Jamaica to victims in the United States. Certain victims of Reid's co-conspirators were also instructed to send payments to Reid's mother, girlfriend, and another of his associates. Given these connections between Reid and his co-conspirators' seven documented victims, the District Court's inclusion of loss from these co-conspirators was not clearly erroneous.[2]

---

[2] Similarly, Reid's sufficiency-of-the-evidence argument fails because (1) he installed the Magic Jack program onto his co-conspirators' computers, (2) he forwarded their calls to victims, and (3) certain of those victims' payments were directed to his family and close relations. These facts provided the District Court with adequate basis to affirm the

## II. At least five victims suffered substantial financial hardship.

The Sentencing Guidelines apply a four-level enhancement where the offense results in substantial financial hardship to five or more victims. *See* U.S.S.G. § 2B1.1(b)(2)(B). The District Court found that the seven victims with documented losses suffered substantial financial hardship. Reid argues he defrauded only four victims and caused substantial financial hardship to only one of them. As noted above, Reid's offense resulted in loss to at least seven victims.

"Substantial financial hardship" exists on a sliding scale and must be interpreted subjectively for each victim, not according to some fixed amount. *United States v. Poulson*, 871 F.3d 261, 268 (3d Cir. 2007). The finding of substantial financial hardship is subject to clear error review. *See id.* (citing *United States v. Minhas*, 850 F.3d 873, 878 (7th Cir. 2017)). Although not all seven of the documented victims satisfied one of the indicia of "substantial financial hardship" enumerated in the Application Notes,[3] each of their losses was substantial:

| Victim | Loss Amount |
|--------|-------------|
| 1 | $110,932.35 |
| 2 | $249,934.03 |
| 3 | $71,919.88 |
| 4 | $64,433.52 |

probation officer's finding of $578,243.78 in loss for the seven documented victims. App. 65–70, 79–83, 231–37.

[3] The Application Notes instruct courts to consider, among other factors, whether the offense causes the victim to "(i) becom[e] insolvent; (ii) fil[e] for bankruptcy . . .; (iii) suffer[] substantial loss of a retirement, education, or other savings or investment fund; (iv) mak[e] substantial changes to his or her employment, such as postponing his or her retirement plans; (v) mak[e] substantial changes to his or her living arrangements, such as relocating to a less expensive home; and (vi) suffer[] substantial harm to his or her ability to obtain credit." U.S.S.G. § 2B1.1(b)(2), Application Notes ¶ 4(F).

4

| 5 | $36,958.00 |
|---|---|
| 6 | $19,134.00 |
| 7 | $24,932.00 |
| Total | $578,243.78 |

App. 88. As such, the District Court did not commit clear error when it found that at least five victims suffered substantial financial hardship.

Thus we affirm.